**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH M. SPERANZA,<br><br>Plaintiff<br><br>v.<br><br>GOLDEN TECHNOLOGIES, INC.,<br><br>Defendant | Case No.: 2:25-cv-01867-APG-BNW<br><br>**Order Granting Defendant's Motion for Summary Judgment and Denying Motion to Dismiss as Moot**<br><br>[ECF Nos. 6, 17] |

Plaintiff Joseph Speranza, doing business as Premier Vegas Mobility Scooter Rental, sues defendant Golden Technologies, Inc. asserting numerous claims arising out of the purchase of mobility scooters. He used the scooters in the operation of a mobility scooter rental business that he characterizes as a sole proprietorship. According to Speranza's complaint, shortly after the purchase, he began receiving customer complaints that the scooters stopped working despite a full battery charge. He contends that he tried to work with Golden to resolve the issues but Golden ultimately ceased communication and refused refunds for the allegedly defective scooters. He asserts claims for strict products liability, negligence, breach of express and implied warranties, intentional and negligent misrepresentation, unjust enrichment, and business defamation. He also requests declaratory and injunctive relief, as well as compensatory and punitive damages.

Golden moves to dismiss, arguing that Speranza lacks standing to assert the claims because, based on his allegations, the real party in interest is a business entity and he cannot represent an entity pro se. Golden argues that the business entity that suffered the alleged injuries cannot be the purported sole proprietorship that Speranza identifies in the complaint because he registered that fictitious business entity after the events at issue here.

Speranza responds that he is the real party in interest because he is the one who purchased the vehicles and operated the mobility scooter rentals under the trade name Premier Vegas Mobility Scooter Rentals. He contends Premier is a sole proprietorship, not a separate legal entity, so he can sue in his own name and represent himself pro se. In reply, Golden argues that Speranza's opposition is "riddled with fake case law which must be ignored." ECF No. 11 at 3. It also argues that Speranza was the managing member of two companies, Elite Mobility Rentals, LLC and JSS Mobile Rentals, Inc., that were formed around the time of the alleged purchases at issue in this case, while Premier was formed only after the events at issue.

Golden also moves for summary judgment based in part on requests for admissions that Speranza did not respond to, and that are thus deemed admitted. Golden argues that Speranza has admitted that the scooters were purchased for use in a business, so there is no genuine dispute that he lacks standing to sue in his own name. It also argues that each of his claims fails on the merits. Finally, it contends that Speranza spoliated evidence because he did not retain the scooters and never produced them for Golden to inspect. Speranza did not respond to the summary judgment motion.

I grant Golden's motion for summary judgment because Speranza did not respond to Golden's requests for admissions or its summary judgment motion. He thus has admitted facts that defeat his claims or has not pointed to evidence raising a genuine dispute on any of his claims. Accordingly, I grant Golden's summary judgment motion and deny as moot its motion to dismiss.

////

////

////

**I. Speranza did not respond to Golden's requests for admissions, so those requests are deemed admitted.**

Under Federal Rule of Civil Procedure 36, matters addressed in requests for admissions are admitted and "conclusively established" unless the responding party serves an answer or objection within 30 days or unless otherwise stipulated or ordered by the court. Fed. R. Civ. P. 36(a)(3), (b). Golden served requests for admissions on Speranza to which he did not respond. ECF Nos. 17-2; 17-11 at 3, 17; 17-12 at 3-4. Speranza did not respond to Golden's summary judgment motion, so he has not presented evidence that he responded to the requests for admissions. Additionally, Speranza has not moved to withdraw or amend the admissions. Accordingly, the requests for admissions are deemed admitted, and all admitted matters are now conclusively established in this case.

**II. Golden has not established as a matter of law that Speranza is not the real party in interest, but given the admissions and lack of evidence to support Speranza's claims, Golden is entitled to summary judgment on all claims.**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a

genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

**A. Golden has not established that no genuine dispute remains regarding who is the real party in interest and whether Speranza can proceed pro se.**

The "privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). "Consequently, in an action brought by a *pro se* litigant, the real party in interest must be the person who by substantive law has the right to be enforced." *Id.* (quotation omitted). However, a litigant may proceed pro se to represent his sole proprietorship. *Sharemaster v. U.S. Sec. & Exch. Comm'n*, 847 F.3d 1059, 1066 n.4 (9th Cir. 2017) (citing *Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n.4 (4th Cir. 2007) ("[A] sole proprietorship has no legal existence apart from its owner, and . . . an individual owner may represent his sole proprietorship in a pro se capacity.")).

Golden argues that no genuine dispute remains that Speranza is not the real party in interest because he admitted that the losses sustained were business losses and he cannot represent a business entity pro se. For example, Speranza admitted that he purchased the scooters in "a commercial rental business," lost "business revenue," and suffered reputation harm "to a business." ECF No. 17-3 at 5. He also admitted that in a prior state court case involving the same scooters, the state court found that the real party in interest was a business entity, that Speranza had identified Premier Vegas Mobility Scooter Rentals as an entity he operated, and

that he admitted in the prior case that the real party in interest was a business entity. *Id.* at 6. However, the requests for admission do not define "business," "entity," or "business entity," and Golden did not request Speranza to admit that the business that purchased the scooters and ran the rental business was not a sole proprietorship. *See id.* Golden has not established that a sole proprietorship could not qualify as a "business" for purposes of the admissions. And there is some evidence Speranza was using the Premier name in relation to these scooters. *See, e.g.*, ECF No. 17-4 at 24, 28, 30, 40. Speranza's admissions thus do not foreclose as a matter of law the possibility that he is the real party in interest capable of representing his sole proprietorship in a pro se capacity.[1] Finally, the fact that Speranza registered the fictitious business name of his alleged sole proprietorship after the events at issue is not dispositive of the standing issue. Whether Speranza complied with Nevada law on registering a fictitious business name is a separate question from whether he was in fact operating a sole proprietorship under a fictious name. I therefore deny Golden's motion based on Speranza not being the real party in interest.

**B. I grant Golden's motion for summary judgment because Speranza has admitted facts fatal to his claims or has not pointed to facts to support his claims.**

**1. Speranza has presented no evidence of a product defect.**

To succeed on a strict products liability claim under Nevada law, "a plaintiff must show that: 1) the product had a defect which rendered it unreasonably dangerous, 2) the defect existed at the time the product left the manufacturer, and 3) the defect caused the plaintiff's injury." *Fyssakis v. Knight Equip. Corp.*, 826 P.2d 570, 571 (Nev. 1992).

I grant Golden's motion for summary judgment on Speranza's strict products liability claim because Golden has pointed to a lack of evidence that its scooters contained a defect or

[1] Golden does not argue claim or issue preclusion arising out of the prior state court litigation.

that any defect existed when the scooters left Golden's possession, and Golden has presented an expert who opined that the scooters' design was sound. ECF No. 17-6 at 11. By pointing to a lack of evidence supporting Speranza's claim, Golden has met its initial burden to show it is entitled to summary judgment. *See Celotex Corp.*, 477 U.S. at 322 (stating that when a defendant moves for summary judgment based on a claim for which the plaintiff bears the burden of proof, the defendant need only point to the plaintiff's failure "to make a showing sufficient to establish the existence of an element essential to [the plaintiff's] case"). Because Speranza has not responded to Golden's summary judgment motion, he did not point to evidence raising a genuine dispute on any element of his strict products liability claim. I therefore grant summary judgment in Golden's favor on this claim.

**2. I grant summary judgment in Golden's favor on Speranza's other claims that rely on the scooters being defective.**

Speranza's negligence,[2] breach of warranty, fraudulent and negligent misrepresentation, and unjust enrichment claims rely on the scooters being defective. ECF No. 1-1 at 4-5. Because Speranza has not presented evidence raising a genuine dispute that the scooters were defective, these claims also fail as a matter of law.

**3. I grant Golden summary judgment on Speranza's misrepresentation claims because Speranza has not pointed to evidence supporting any element of these claims.**

"To prevail on a fraud claim, a plaintiff must prove five elements by clear and convincing evidence: (1) a false representation, (2) the defendant's knowledge or belief that the representation is false, (3) the defendant's intention to induce the plaintiff's reliance, (4) the

---

[2] To the extent the negligence claim also refers to replacement parts, Speranza has not pointed to evidence that the replacement parts were defective.

plaintiff's justifiable reliance, and (5) damages." *Nevada State Educ. Ass'n v. Clark Cnty. Educ. Ass'n*, 482 P.3d 665, 675 (Nev. 2021). To "establish a claim for either intentional or negligent misrepresentation, [the plaintiff] must show that [the defendant] supplied [the plaintiff] with false information." *Land Baron Inv. v. Bonnie Springs Fam. LP*, 356 P.3d 511, 518 (Nev. 2015); *see also Halcrow, Inc. v. Eighth Jud. Dist. Ct.*, 302 P.3d 1148, 1153 (Nev. 2013) (en banc), as corrected (Aug. 14, 2013). Golden argues there is no evidence it made a knowingly false representation or that Speranza relied on any false statement.

Speranza did not respond to Golden's motion, so he has not pointed to evidence raising a genuine dispute that Golden made a knowingly false statement on which he relied. Additionally, Speranza admitted that he did not communicate with Golden prior to purchasing the scooters. ECF No. 17-3 at 8. I therefore grant summary judgment in Golden's favor on these claims.

**4. I grant Golden summary judgment on Speranza's business defamation claim because Speranza admitted that Golden never made any statements about his business.**

"To succeed in a claim for business disparagement, the plaintiff must prove: (1) a false and disparaging statement, (2) the unprivileged publication by the defendant, (3) malice, and (4) special damages." *Clark Cnty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 504 (Nev. 2009). I grant summary judgment in Golden's favor on this claim because Speranza admitted that Golden "never made any statements about [his] business." ECF No. 17-3 at 8. Additionally, because he did not respond to Golden's motion, he has not pointed to evidence that Golden made a disparaging or false statement with malice.

## III. Conclusion

I THEREFORE ORDER that defendant Golden Technologies, Inc.'s motion for summary judgment **(ECF No. 17) is GRANTED**.

I FURTHER ORDER that defendant Golden Technologies, Inc.'s motion to dismiss **(ECF No. 6) is DENIED as moot**.

I FURTHER ORDER the clerk of court to enter judgment in favor of Golden Technologies, Inc. and against plaintiff Joseph M. Speranza and to close this case.

DATED this 21st day of August, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE